Filed 5/8/13  P. v. Price CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>RONNIE PRICE,<br><br>    Defendant and Appellant. | B239569<br><br>(Los Angeles County<br> Super. Ct. No. BA388473) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Jose I. Sandoval, Judge.  Affirmed as modified.

Rachel Lederman, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Eric E. Reynolds and Ana R. Duarte, Deputy Attorneys General, for Plaintiff and Respondent.

Ronnie Price appeals from the judgment entered following his convictions on one count each of simple assault (Pen. Code, § 240), evading an officer (Veh. Code, § 2800.1, subd. (a)), criminal threats (Pen. Code, § 422), possession of a firearm by a felon (Pen. Code, § 12021, subd. (a)(1)), and possession of ammunition (Pen. Code, § 12316, subd. (b)(1)).[1]  Appellant contends that the trial court erred in sentencing by failing to state its reasons for imposing the upper term and consecutive sentences.  He also contends that he received ineffective assistance of counsel.  We conclude that he forfeited his claim by failing to object to the court's failure to state its reasons but that, in any event, he has not established he was prejudiced by his trial counsel's failure to object.  We direct the trial court to correct a clerical error in the abstract of judgment and otherwise affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

*Prosecution Evidence*

On July 7, 2011, Horace Jordan was staying at the Midnight Mission in Los Angeles.  Appellant asked Jordan if he would be willing to participate in a medical survey in exchange for $50 a week for two years.  Jordan agreed to participate, and appellant told him to meet him at 8:00 the following morning.

The following morning, appellant drove up in a van to meet Jordan at the mission.  Jordan and another man got into the van, and Jordan began asking appellant when he would receive the payment.  Appellant and Jordan began arguing, so Jordan decided to get out of the van and leave.

When Jordan began walking down the street, appellant got out of the van and began calling Jordan names.  Appellant said that he was a member of a gang

---

[1] All further statutory references are to the Penal Code unless otherwise specified.

2

called Pueblo. He pulled out a gun and began walking toward Jordan, declaring, "I can take you out right now." Jordan was yelling at appellant in return. Appellant held the gun so Jordan could see it, but he did not point it at Jordan. Appellant eventually stopped and walked back to his van. Jordan called the police.

When the police arrived, appellant drove away in the van, and the police followed. There were two passengers in the van with appellant. Appellant drove onto the freeway, and officers saw him throwing bullets out the van window while he was driving. Officers also saw a gun thrown out the front passenger window. Appellant was arrested after getting off the freeway. When officers searched the van, they found more bullets and a BB gun.

*Defense Evidence*

Appellant testified that he had been convicted in 1999 for felony evading arrest and was prohibited from possessing a firearm as a result of that felony conviction. In July 2011, he was employed as a marketing specialist for the F.D.A., recruiting subjects for research studies and transporting them to a clinic.

According to appellant, Jordan demanded that appellant pay him $50 in advance, but appellant told him he could not do that. Jordan became upset, so appellant opened the van door and let him out. Instead of leaving, Jordan started yelling through the passenger window at appellant, calling him names, asking him where his gun was, telling him to shoot him in the face, and saying, "don't make me come in there." Appellant pulled a BB gun out of his fanny pack and got out of the van, and when he walked around the van, Jordan dropped a knife that he was holding and walked down the street. Appellant testified that he kept the BB gun in his pocket and denied showing it to Jordan or threatening him, although he admitted telling Jordan that he would deal with Jordan if Jordan harmed him.

3

One of the passengers in appellant's van told appellant that it was illegal for him to have ammunition in the van, so appellant became worried when he saw Jordan calling the police. Appellant admitted throwing the bullets out of the van, but he stated that he did not have a gun in the van.

*Rebuttal*

Los Angeles Police Department Officer Deon Joseph testified that he had known appellant for about six years and had a good relationship with him. On July 8, 2011, Officer Joseph was shocked to see appellant waving to him from a holding cell, stating that he had never known appellant to be involved in criminal activity. Appellant told Officer Joseph that he had a BB gun, but that there also had been a real gun, which he threw out his car window.

*Procedural Background*

Appellant was charged in an amended information with five counts: count 1, assault with a firearm (§ 245, subd. (a)(2)); count 2, evading an officer (Veh. Code, § 2800.1, subd. (a)); count 3, criminal threats (§ 422); count 4, possession of a firearm by a felon (§ 12021, subd. (a)(1)); count 5, possession of ammunition (§ 12316, subd. (b)(1)). The information further alleged the following: as to count 3, that appellant personally used a firearm (§§ 1203.06, subd. (a)(1), 12022.5, subd. (a)); as to counts 1 and 3, that appellant suffered three prior serious felony convictions (§ 667, subd. (a)(1)); as to counts 1, 3, 4, and 5, that appellant served five prior prison terms (§ 667.5, subd. (b)) and suffered three prior strikes pursuant to the Three Strikes law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)).

Appellant was convicted following a jury trial of counts 2 through 5 and of the lesser offense of simple assault in count 1 (§ 240). The jury found the firearm

4

allegation in count 3 not true. The court found the prior conviction allegations to be true.

Appellant filed a *Romero* motion (*People v. Superior Court (Romero)* (1996) 13 Cal.4th 497), asking the court to strike his prior convictions. The court granted the motion in part by striking two of the strikes. The court based its decision primarily on the age of the strikes, noting that the most recent strike was 28 years old and the oldest was 39 years old.

The court then sentenced appellant to a total of 23 years 8 months, calculated as follows. As to the base count, count 3 (criminal threats), the court chose the upper term of three years, doubled to six years pursuant to the prior strike. As to count 2, the court imposed a one-year term concurrent with count 3. The court imposed terms of 16 months each on counts 4 and 5 and three five-year enhancements pursuant to section 667, subdivision (a)(1). Appellant filed a timely notice of appeal.

## DISCUSSION

Appellant contends that the trial court erred in failing to state reasons for imposing the upper term and consecutive sentences.

Section 1170, subdivision (b), requires the court to "set forth on the record the reasons for imposing the term selected . . . ." In addition, subdivision (c) requires the court to "state the reasons for its sentence choice on the record at the time of sentencing."

The trial court here did not state any reasons for choosing the upper term or for imposing consecutive sentences.

Respondent contends that appellant forfeited a challenge to the trial court's decision by failing to object at sentencing. A defendant can forfeit a claim

5

regarding various sentencing issues, including "cases in which the court purportedly erred because it double-counted a particular sentencing factor, misweighed the various factors, or failed to state any reasons or give a sufficient number of valid reasons." (*People v. Scott* (1994) 9 Cal.4th 331, 353 (*Scott*).) However, "there must be a meaningful opportunity to object . . . . This opportunity can occur only if, during the course of the sentencing hearing itself and before objections are made, the parties are clearly apprised of the sentence the court intends to impose and the reasons that support any discretionary choices." (*Id.* at p. 356.) Here, the parties were never "advised of the trial court's intended sentence 'during the course of the sentencing hearing itself . . . .' [Citation.]" (*People v. Gonzalez* (2003) 31 Cal.4th 745, 752.)

However, the transcript reveals that after the court imposed sentence, the court asked, "Have I missed anything, counsel?" Both the prosecutor and defense counsel replied, "I don't believe so." At this point, defense counsel did not raise the court's failure to state the reasons for its sentence choice. We therefore agree with respondent that appellant has forfeited his claim. (See *Scott*, *supra*, 9 Cal.4th at p. 353 [adhering to the view that a defendant cannot raise for the first time on appeal "claims involving the trial court's failure to properly make or articulate its discretionary sentencing choices"]; *People v. Powell* (2011) 194 Cal.App.4th 1268, 1297 [finding that the defendant forfeited his claim that the trial court failed to state reasons for its sentencing choices where the court asked "'Is there anything further for the record,'" and defense counsel replied "'No, sir.'"].)

Appellant's second contention is that he received ineffective assistance of counsel by defense counsel's failure to object. "There are two components to an ineffective assistance of counsel claim: deficient performance of counsel and prejudice to the petitioner. *Strickland v. Washington* (1984) 466 U.S. 668, 697,

6

informs us that 'there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one. In particular, a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. The object of an ineffectiveness claim is not to grade counsel's performance. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.'" (*In re Cox* (2003) 30 Cal.4th 974, 1019-1020.) We conclude that appellant has failed to establish prejudice.

Here, defense counsel asked for a sentence of five years. The prosecution asked for a sentence of 82 years to life. The trial court struck two of appellant's prior strikes, sentenced him as only a second-strike defendant, and chose a sentence between the two extremes advocated by the attorneys, 23 years 8 months.

In choosing a sentence, the court considered the number of five-year enhancements that would apply and to which offenses they applied. In addition, the probation report listed aggravating circumstances that included appellant's violent conduct and prior convictions, and the report stated that there were no circumstances in mitigation. "Under California's determinate sentencing system, the existence of a single aggravating circumstance is legally sufficient to make the defendant eligible for the upper term. [Citation.]" (*People v. Black* (2007) 41 Cal.4th 799, 813.)

In light of the court's leniency in striking two strikes and the number of aggravating circumstances, it is not reasonably probable that appellant would have received a lower sentence if counsel had asked the court to state the reasons for its

sentence choice. Thus, appellant was not prejudiced by trial counsel's failure to object.

We note that the abstract of judgment lists only two of the five-year enhancements imposed under section 667, subdivision (a), although it correctly states that a total of 15 years was imposed. "Entering a judgment of the trial court in the minutes is a clerical function. Any discrepancy between the minutes and the oral pronouncement of a sentence is presumed to be the result of clerical error. Thus, the oral pronouncement of sentence prevails in cases where it deviates from that recorded in the minutes. [Citation.]" (*People v. Price* (2004) 120 Cal.App.4th 224, 242.) Moreover, "[i]t is, of course, important that courts correct errors and omissions in abstracts of judgment. An abstract of judgment is not the judgment of conviction; it does not control if different from the trial court's oral judgment and may not add to or modify the judgment it purports to digest or summarize." (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.) We therefore direct the trial court to amend the abstract of judgment to reflect the third five-year enhancement as pronounced by the court.

## DISPOSITION

The trial court is directed to prepare and forward to the Department of Corrections and Rehabilitation an amended abstract of judgment reflecting that the court imposed three five-year enhancements under section 667, subdivision (a).  In all other respects, the judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


WILLHITE, Acting P. J.


We concur:



MANELLA, J.



SUZUKAWA, J.

9